## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IAN GREENLEE, STEWART BEAL,
KAREN MAURER, C. HEDGER BREED,
and ROBERT BARNES

Case No. 5:23-cv-11116-JEL-DRG
District Judge Judith E. Levy
Magistrate Judge David R. Grand

      Plaintiffs,

v.

THE CITY OF YPSILANTI, a
Michigan municipality

      Defendant.

---

Brennan Tyler Brooks (P82567)
THOMAS MORE SOCIETY
Attorney for Plaintiff
309 W. Washington Street, Suite 1250
Chicago, IL 60606
(336) 707-8855; FAX: (336) 900-6535
btb@btylerbrookslawyer.com

Lauri B. Stewart (P55014)
KERR RUSSELL AND WEBER, PLC
Attorney for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3427
(313) 961-0200; FAX (313) 961-0388
lstewart@kerr-russell.com

Erick G. Kaardal, (MN Atty No. 229647)
MOHRMAN, KAARDAL &
ERICKSON, P.A.
Attorney for Plaintiff
Special Counsel for Thomas More
Society
150 South Fifth Street, Suite 3100
Minneapolis, MN 55402
(612) 341-1074
kaardal@mklaw.com

---

## DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

NOW COMES Defendant CITY OF YPSILANTI, by and through their attorneys, Kerr, Russell and Weber, PLC, and for its Answer to Plaintiffs' Complaint state as follows:

## INTRODUCTION

Ypsilanti, Michigan, violates a landlord's right not to speak when the city, as a matter of policy and ideology, through a City Code provision, compels landlords to speak for the government by requiring them to inform and provide information to tenants regarding where to register to vote or to otherwise exercise that right. Here, landlords would choose to remain silent, but by its city code, Ypsilanti may impose civil penalties upon landlords if they do not convey the cities' ideological messages about registering to vote to tenants.

**ANSWER: Denied as untrue.**

It is compelled speech to engage landlords to act as couriers of the municipality's ideological messages to prospective tenants. Registering to vote is irrelevant to a tenant's decision to enter into a lease agreement with a landlord.

**ANSWER: Denied as untrue.**

The First Amendment protects an individual's right to refrain from speaking just as much as it protects the right to speak freely. Where Ypsilanti's interest is to disseminate an ideology or policy relating to voting, no matter how acceptable to some, those interests cannot outweigh the First Amendment right to avoid being

the courier of the government's message. Therefore, the Ypsilanti City Code is unconstitutional and has violated the landlord's First Amendment right to free speech, which in turn violates 42 U.S.C.§ 1983. Not only are the plaintiff landlords entitled to at least nominal damages, but also permanent injunctive relief enjoining the city from enforcing any provision of the city code at issue.

**ANSWER: Denied as untrue.**

## PARTIES

**Plaintiff Landlords**

1.     Plaintiff Landlord Ian Greenlee is a realtor and residential rental property manager in Ypsilanti, Michigan.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this paragraph.**

2.     Plaintiff Landlord Stewart Beal owns and manages residential rental properties in Ypsilanti, Michigan.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this paragraph.**

3.     Plaintiff Karen Maurer owns and manages residential rental properties in Ypsilanti, Michigan.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this paragraph.**

4.     Plaintiff C. Hedger Breed owns and manages residential rental properties in Ypsilanti, Michigan.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this paragraph.**

5.      Plaintiff Landlord Robert Barnes owns and manages residential rental property in Ypsilanti, Michigan.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this paragraph.**

**Defendant City of Ypsilanti**

6.      The City of Ypsilanti is a Michigan municipality located in Washtenaw County, Michigan.

**ANSWER: No contest.**

## JURISDICTION

7.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 (1)-(4) and 42 U.S.C. §§ 1983, 1985(2), (3) and § 1988 (civil rights statutes) and the First Amendment of the United States Constitution.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this paragraph.**

8.      This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, and has general legal and equitable powers.

**ANSWER: Defendant does not deny the court's authority but does deny, as untrue, that the exercise of it would be warranted under these circumstances.**

9.      Venue is proper in this Court under 28 U.S.C. § 1391.

>    **ANSWER: No contest.**

**Constitutional and City Code Provisions at Issue**

10.     The First Amendment of the United States Constitution states that "Congress shall make no law…abridging the freedom of speech, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

>    **ANSWER: In response to this ¶, Defendant states that the content of the First Amendment speaks for itself.**

11.     City of Ypsilanti Code of Ordinances, Ch. 58, Art. IV Sec. 58-123 is accurately quoted in-part as follows:

> **Information to be provided at occupancy**
> []
> At the time occupancy is given to a tenant of a residential premises, the landlord shall provide each tenant with **specific information regarding voting and elections**, discrimination, and tenants' rights and responsibilities in the City of Ypsilanti. Such specific information shall be approved by resolution of city council. The city clerk shall make the information approved by city council available to local landlords and their agents to pick-up without charge for distribution by landlords to tenants.

(emphasis added). Exhibit 1 (Ordinance No. 132 to Amend Sec. 58-123).

>    **ANSWER: Defendant does not contest that this is a partial recitation of the ordinance.**

12.     A landlord's failure to comply with Sec. 58-123 does not invalidate a lease between a landlord and tenant.

>    **ANSWER: No contest.**

13.    Violations of Sec. 58-123 "shall be deemed a municipal civil infraction, subject to payment of a civil fine as set forth in section 70-38" and "[r]epeat offenses under this article shall be subject to increased fines." *Id.*

**ANSWER: No contest.**

14.    City of Ypsilanti Code of Ordinances, Ch. 70, Art. II Sec. 70-38 is titled "General penalties and costs" and says that "All municipal civil infraction citations and violation notices under this Code are subject to enforcement by the procedures and penalties outlined in this chapter, section 1-15 of this Code, and the Ypsilanti City Code in general."

**ANSWER: No contest.**

15.    City of Ypsilanti Code of Ordinances, Ch. 1, Sec. 1-15 provides for "Penalties, sanctions, and remedies" and Sec 1-15(2)(a)(1) says that "the civil fine for a violation shall be not less than $50.00, plus costs and other sanctions for each infraction." Sec 1-15(2)(a)(2) provides that a first repeat offense fine "shall be no less than $150.00, plus costs" and a second or subsequent repeat offense fine "shall be no less than $300.00, plus costs."

**ANSWER: Defendant denies, as untrue, that this is an accurate recitation.**

## FACTS

**Landlords as private persons, are not governmental couriers for ideological or policy messages.**

**A. Ypsilanti can impose municipal civil infraction penalties upon landlords for failing to provide tenants with voter registration forms or "how to" vote information.**

16.     Plaintiff landlords are each landlords and/or owners of an apartment buildings in the City of Ypsilanti, Michigan. Each owns buildings with residential units that are leased to tenants. From time to time, new tenants will rent an apartment from each plaintiff landlord to lease.

> **ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this paragraph.**

17.     The City of Ypsilanti Code of Ordinances Ch. 58, Art. IV Sec. 58-136 defines "landlord" as follows: "the owner, lessor or sublessor of residential premises; or his agent, or any person authorized by him to manage the premises or to receive rent from a tenant under a rental agreement." All persons or entities that fit this definition are referred to as "landlords" in this complaint, including Plaintiffs.

> **ANSWER: Defendant admits that this is the language of the referenced Ordinance but neither admits nor denies the balance of the allegations in this ¶ for want of information.**

18.     The City of Ypsilanti enacted Sec. 58-123 after the Ypsilanti City Council adopted Ordinance 1320 at a City Council meeting on September 11, 2018. Exhibit 2 (City of Ypsilanti, Resolution No. 2019-184, August 27, 2019); Exhibit 3 at 13 (City of Ypsilanti, City Council Meeting Minutes, September 11, 2018).

**ANSWER: No contest.**

19.     Minutes from the September 11, 2018 Ypsilanti City Council meeting show the policy and ideological reasons for the ordinance requirement that obligates landlords to provide new tenants with voter registration information. Exhibit 3 at 13. The minutes reflect concerns by City Council members and Ypsilanti Mayor Edmonds that merely providing voter registration information electronically would mean voter registration material would be overlooked by new tenants. Id. City Council Member Bashert "replied her sole concern with this [information] being provided electronically [was] voter registration." *Id*.

> **ANSWER: Defendant denies, as untrue, that this is an accurate or complete recitation of the content of the minutes on this topic and further denies, as untrue, that distributing voter information is a matter of ideology.**

20.     The minutes document that City Council Member Bashert further "responded Council should remove as many hurdles as possible between tenants and voting." Exhibit 3 at 13.

> **ANSWER: Defendant does not deny that this language appears in the minutes attached at Exhibit 3.**

21.     All City Council members, Mayor Pro-Tem Brown, and Mayor Edmonds voted "yes" to pass the resolution to amend Ypsilanti City Code, Sec. 58-123 to include requirements for landlords to provide "The City of Ypsilanti Voting Information, and its attachments," among other documents at the September 11, 2018 City Council meeting. Exhibit 3 at 13.

**ANSWER: In Response to this ¶, Defendant admits that all present council members voted to approve Resolution No. 2018-238 at the 9/11/18 meeting.**

22.     In the City of Ypsilanti City Code, Sec. 58-123 is entitled "Information to be provided at occupancy."

**ANSWER: No contest.**

23.     Ypsilanti code provisions require landlords to provide certain information to potential tenants or tenants specifically related to the dwelling unit and building. For example, under Ypsilanti's City Code, Sec. 58-123, landlords "shall provide each tenant with specific information regarding… tenants' rights and responsibilities in the City of Ypsilanti."

**ANSWER: Defendant denies as untrue that this is an accurate or complete recitation of the content of the City Ordinance.**

24.     The information that Sec. 58-123 requires landlords to convey to each tenant at the time occupancy is given to a residential tenant includes a State of Michigan Voter Registration Application, specific information from the city, including an informational sheet and precinct map, and a booklet of information regarding tenants' rights and responsibilities. Exhibit 4, available at https://cityofypsilanti.com/DocumentCenter/View/3837/Tenant-Information-Bookletpdf.

**ANSWER: Defendant denies as untrue that this is an accurate or complete recitation of the requirements of the City Ordinance.**

25.     Ypsilanti City Code Sec. 58-123 mandates plaintiff landlords, as landlords of residential rental properties in Ypsilanti, to "provide each tenant with specific information regarding voting and elections" at the time the tenant takes possession of the residence. That mandate from Sec. 58-123 is accurately quoted as follows:

> At the time occupancy is given to a tenant of a residential premises, the landlord shall provide each tenant with specific information regarding voting and elections.

**ANSWER: In response to this ¶, Defendant admits only that this is a partial recitation of the content of the Ordinance.**

26.     The City Council controls the content of the specific information regarding voting and elections which landlords must provide to tenants, as Sec. 58-123 states, which is accurately quoted in-part as follows:

> The city clerk shall make the information approved by city council available to local landlords and their agents to pick-up without charge for distribution by landlords to tenants. The city shall make available to landlords sufficient copies of the information to permit landlords to comply with this section.

**ANSWER: In response to this ¶, Defendant admits only that this is a partial recitation of the content of the Ordinance.**

27.     Sec 58-123 allows landlords to either mail a copy of the specific city-council-approved information to each tenant, or to give a copy of the specific city-council-approved information to each new tenant in-person.

**ANSWER: In response to this ¶, Defendant admits that these are two of the options available.**

28.    On August 27, 2019, the Ypsilanti City Council passed a resolution regarding the format of information documents to be provided by landlords to new tenants at time of occupancy. Exhibit 2 (Ypsilanti City Council Resolution of Aug. 27, 2019).

**ANSWER: In response to this ¶, Defendant admits only that a resolution was passed on 8/27/19, but denies as untrue this characterization of it.**

29.    Part of that August 27, 2019 resolution stated that: "BE IT FURTHER RESOLVED that this document [the Tenant Information packet] may be provided to tenants electronically except for documents specific to voting." Exhibit 2.

**ANSWER: No contest.**

30.    The "information to be provided at occupancy" that Sec. 58-123 requires landlords to provide, may be provided to tenants in electronic form, except the information related to voter registration. Exhibit 2.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

31.    Paper copies of the City of Ypsilanti voter registration information and a voter registration application must be supplied by landlords to new tenants at the time of occupancy. Exhibit 2.

**ANSWER: In response to this ¶, Defendant admits only that voting information is among the information that the City Ordinance requires landlords to provide at the time of occupancy.**

32.     Failure of landlords to provide paper copies of voter registration information would subject landlords to a municipal civil infraction.

**ANSWER: In response to this ¶, Defendant admits only that the failure to comply with Ordinance 58-123 may subject the landlord to the fines discussed therein.**

33.     But-for fear of prosecution for a municipal civil infraction, Plaintiff landlords would remain silent about voter registration information.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

## COUNT

**Violation of Civil Rights under 42 U.S.C. § 1983, declaratory, and permanent injunctive relief against the City of Ypsilanti**

**Ypsilanti's requiring landlords to provide information about voter registration and voter application forms new tenants is the moving force of the constitutional violation of Plaintiff landlords'[] protected First Amendment rights not to speak.**

34.     The Plaintiff landlords adopt and incorporate by reference all previous paragraphs as if fully restated in support of the further allegations asserted under Count I.

**ANSWER: Defendant adopts and incorporates all prior responses as if fully set forth herein.**

35.     The First Amendment of the United States Constitution protects the right to free speech.

**ANSWER: Defendant denies, as untrue, that this is an accurate or complete characterization of First Amendment protections.**

36.   The First Amendment of the United States Constitution protects an individual's right to refrain from speaking.

**ANSWER: Defendant denies, as untrue, that this is an accurate or complete characterization of First Amendment protections.**

37.   Under 42 U.S.C. § 1983, the statute provisions provide persons a federal cause of action based on state violations of federal law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

**ANSWER: Defendant admits that this is a partial recitation of the content of this statutory section.**

38.   The Court has statutory authority under 28 U.S.C. § 2201 to issue declaratory judgments.

**ANSWER: In response to this ¶, Defendant acknowledges the authority of the court but denies, as untrue, that there are valid grounds to exercise it in these circumstances.**

39.   Ypsilanti's city code requires landlords, "At the time occupancy is given to a tenant" to "provide each tenant with specific information regarding voting and elections," with "the City Clerk make[ing] available to landlords sufficient copies of the information to permit landlords to comply with this section" Ypsilanti, Mich., City Code Sec. 58-123.

**ANSWER: In response to this ¶, Defendant admits only that this is a partial recitation of the content of the Ordinance.**

40.    Plaintiff landlords in Ypsilanti, by threat of civil infraction fines are required to carry Ypsilanti's policy and ideological message to prospective tenants.

**ANSWER: Denied as untrue.**

41.    Plaintiff landlords, fearful of civil prosecution, have complied with Ypsilanti City Code Sec. 58-123 and have provided tenants with documents regarding where and how to register to vote as required under the Code's provision.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

42.    Ypsilanti's underlying legislative policy for passing Sec. 58-123 requiring landlords to provide voter registration materials to tenants is an ideological belief of the government.

**ANSWER: Denied as untrue.**

43.    Plaintiff landlords believe the City's requirements and associated civil penalties compel them to do something they do not wish to do. Plaintiff landlords believe the City's requirements and associated civil penalties compel them to communicate to others they do not wish to communicate. Plaintiff landlords would rather remain silent.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

44.     Ypsilanti's policy and ideology—its charge and responsibility—in part, is to get more people registered to vote, assist with preregistration, and to encourage people to participate in government, through landlords. The City of Ypsilanti's policy and ideology requiring Plaintiffs as landlords to provide specifically targeted documents, regarding where and how to register to vote to new tenants is compelled speech.

> **ANSWER: Defendants deny, as untrue, that providing residents with voting information is a matter of ideology and further deny, as untrue, that requiring landlords to do so amounts to compelled speech. Defendants further deny, as untrue, that such activity is entitled to First Amendment protection.**

45.     The City of Ypsilanti's Sec. 58-123 requiring Plaintiffs as landlords to provide documents regarding where and how to register to vote to new tenants is compelled speech.

> **ANSWER: Denied as untrue.**

46.     Requiring Plaintiffs as landlords to provide documents regarding voter registration to and tenants is to make landlords couriers of governmental ideology as embodied within the policy underlying Sec. 58-123 of the City of Ypsilanti's City Code and is compelled speech.

> **ANSWER: Denied as untrue.**

47.     The desired effect for the City of Ypsilanti to mandate landlords to provide voter registration information under Sec. 58-123 is to increase registered voters, and hence, an expressed policy and ideology.

**ANSWER: Denied as untrue.**

48.     Increasing registered voters, as the City of Ypsilanti has expressed, is not the charge or responsibility of Plaintiffs as landlords who rent residential dwelling units in Ypsilanti.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

49.     The City of Ypsilanti's expressed policy and ideology is to have Plaintiffs as landlords be the couriers of Ypsilanti's message through Sec. 58-123.

**ANSWER: Denied as untrue.**

50.     Part of the City of Ypsilanti's expressed policy and ideology is to have Plaintiffs, as landlord-tenant landlords be an agent for the City's vision under Sec. 58- 123.

**ANSWER: Denied as untrue.**

51.     The City of Ypsilanti seeks to have Plaintiffs, as landlords convey a particular message to tenants as expressed under Sec. 58-123.

**ANSWER: Denied as untrue.**

52.     The City of Ypsilanti seeks to compel private persons, including Plaintiffs, as landlords, to convey government's speech under Sec. 58-123.

**ANSWER: Denied as untrue.**

53.     The landlord-tenant relationship is a business relationship that plaintiff landlords enter for business purposes.

> **ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

54.     Section Sec. 58-123 is not an ordinance provision reasonably related to the business purpose of a landlord.

> **ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

55.     Plaintiffs, as private persons and landlords, do not want to convey the government's speech as mandated under Sec. 58-123.

> **ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

56.     Plaintiffs, as private persons and landlords, have not expressed a desire to be or be a necessary part of Ypsilanti's vision to carry messages to tenants regarding where and how to register to vote as required under Ypsilanti's City Code Sec. 58-123.

> **ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

57.     Plaintiffs, as private persons who happen to be landlords, did not agree, implicitly or expressly, to be a governmental messenger for Ypsilanti's policy and ideology under Ypsilanti's City Code Sec. 58-123.

**ANSWER:  Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

58.    Whether a tenant chooses to explore registering to vote is an individual's decision unrelated to entering into a lease agreement.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

59.    Whether a landlord agrees to enter into a lease agreement with a tenant is unrelated to that person deciding to explore registering to vote.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

60.    Increasing citizen participation in elections through registering voters is unrelated to renting a residence to tenants.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

61.    Increasing citizen participation in elections through registering persons to vote is unrelated to renting a residence.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

62.    Providing information as required under Ypsilanti's City Code Sec. 58-123 about where and how to register to vote is not relevant to a tenant's decision to enter into a lease agreement for a residence with a landlord in Ypsilanti.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

63.     Providing information as required under Ypsilanti's City Code Sec. 58-123 about where and how to register to vote is not relevant to a tenant being fully informed to make a decision whether to rent a residence with a landlord in Ypsilanti.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

64.     Providing information as required under Ypsilanti's City Code Sec. 58-123 about where and how to register to vote is not relevant to any resulting consequences of a tenant's decision whether to enter into a lease agreement with a landlord in Ypsilanti for a residence.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

65.     Providing information as required under Ypsilanti's City Code Sec. 58-123 about where and how to register to vote is not relevant in the context of procedures involving a tenant's decision whether to rent with a particular landlord in Ypsilanti for a residence.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

66.     Determining whether to rent a residence to a prospective tenant is also at the discretion of the landlord based upon disclosed criteria upon which the individual might be judged generally, before accepting a rental application or application fee.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

67.     Whether a prospective tenant is a registered voter or is eligible to register to vote is not a prerequisite to entering into a lease agreement.

**ANSWER:  Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

68.     Whether a prospective person is a registered voter or is eligible to register is not a determinative factor and has no consequence for either the prospective tenant or landlord to entering into the lease agreement.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

69.     Providing a new tenant with information as required under Ypsilanti's City Code Sec. 58-123 regarding where or how to register to vote is not a health issue as it relates to the tenant-landlord relationship concerning the rental of a residence.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

70.     Providing a new tenant with information as required under Ypsilanti's City Code Sec. 58-123 regarding where or how to register to vote is not related to morals— societal or otherwise—in a prospective tenant's decision whether to enter into a lease agreement with an landlord.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

71.     Providing a new tenant with information as required under Ypsilanti's City Code Sec. 58-123 regarding where or how to register to vote is not a welfare issue as it relates to the tenant-landlord relationship concerning the rental of a residence.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

72.     Providing a new tenant with information regarding where or how to register to vote is not a safety issue as it relates to the tenant-landlord relationship concerning the rental of a residence.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

73.     The City of Ypsilanti itself has less restrictive or less burdensome means to achieve its policy and goal to increase citizen participation in elections without mandating landlords to provide a voter application form or "how to" register information.

**ANSWER: Denied as untrue.**

74.     Moreover, Plaintiffs have no evidence from the City to show that the City' mandates placed upon landlords under Sec. 58-123 has or will increase citizen participation in elections.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

75.     In Plaintiffs' views, the City of Ypsilanti cannot show the mandates placed upon landlords under Sec. 58-123 will increase citizen participation in elections, it cannot show that the provision is actually necessary to solve "problems" it has identified, if any.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

76.     Instead, the City of Ypsilanti is putting its particular message in the mouths of unwilling speakers, here, Plaintiff landlords, through mandated requirements to provide to a voter application form and "how to" register information to tenants to increase citizen participation in elections.

**ANSWER: Denied as untrue.**

77.     The City of Ypsilanti seeks to have landlords convey a particular message to tenants to increase citizen participation in elections through mandated requirements to provide to a voter registration form and "how to" register information.

**ANSWER: Denied as untrue.**

78.     Plaintiff landlords do not want to act as a courier of the government's message, here, the City of Ypsilanti.

**ANSWER: Defendant is without information sufficient to form a belief as to the truth of the allegation in this ¶.**

79.    Ypsilanti's City Code Sec. 58-123 is unconstitutional because it is compelled speech.

**ANSWER: Denied as untrue.**

80.    Ypsilanti's City Code Sec. 58-123 is facially unconstitutional because it is compelled speech.

**ANSWER:  Denied as untrue.**

81.    Ypsilanti's City Code Sec. 58-123 as applied to Ypsilanti landlords is unconstitutional because it is compelled speech.

**ANSWER: Denied as untrue.**

82.    Plaintiff landlords, as private persons have a First Amendment right to refrain from speaking.

**ANSWER: Defendant denies, as untrue, that this is an accurate or complete recitation of the rights protected by the First Amendment.**

83.    Plaintiff landlords, as private persons have a First Amendment right to avoid becoming the courier of Ypsilanti's policy and ideology message.

**ANSWER: Defendant denies, as untrue, that this is an accurate portrayal of the Ordinance requirements.  Moreover, Defendant denies as untrue that this is an accurate or complete recitation of the rights protected by the First Amendment.**

84.    Ypsilanti's policy and ideology embodied within Ypsilanti's City Code Sec. 58-123 violates the First Amendment rights of Plaintiff landlords, as landlord in Ypsilanti.

**ANSWER:  Denied as untrue.**

85.    Ypsilanti's policy and ideology as expressed through Ypsilanti's City Code Sec. 58-123, is defective and is the moving force behind the violations of Plaintiff landlords', protected First Amendment rights as landlords.

**ANSWER: Denied as untrue.**

86.    Ypsilanti has acted either intentionally, recklessly, or with callous indifference to the constitutionally protected First Amendment rights not to speak, have threatened Plaintiff landlords, as landlords with penalties and criminal prosecution if they fail to be couriers of the City's policy or ideological message under Ypsilanti's City Code Sec. 58-123 to prospective tenants or tenants.

**ANSWER: Denied as untrue.**

87.    An actual controversy exists between the Plaintiffs as landlords and the City of Ypsilanti in which Plaintiff landlords have genuine and opposing interests that are direct and substantial which requires a judicial determination to be final and conclusive regarding the rights asserted by the Plaintiffs, as landlords and the policy or ideology of the City.

**ANSWER: Denied as untrue.**

88.    Because Ypsilanti's policy and ideology is the moving force behind the violations of Plaintiffs', as landlords protected First Amendment rights to free speech, Ypsilanti has violated Plaintiffs' civil rights under 42 U.S.C. § 1983.

**ANSWER: Denied as untrue.**

89.     Plaintiffs request this Court to adjudicate that Ypsilanti's policy and ideology, as found under Ypsilanti's City Code Sec. 58-123, violates their protected First Amendment rights to free speech under 42 U.S.C. § 1983.

**ANSWER:   Defendant is without information sufficient to respond regarding Plaintiffs "request" but further states that any adjudication should be in Defendant's favor.**

90.     Ypsilanti's City Code Sec. 58-123 fails strict scrutiny because it is not narrowly tailored to meet a compelling state interest. Section 58-123 is fatally under- inclusive because it does not require everyone to provide voter registration information to everyone else.

**ANSWER: Denied as untrue.**

91.     Section 58-123 is fatally under-inclusive because it does not require all tenants to receive a voter registration form, thereby excluding pre-existing tenants.

**ANSWER: Denied as untrue.**

92.     Because Ypsilanti has violated the civil rights of Plaintiff landlords, they are entitled to nominal damages or other monetary damages to be determined at the time of trial.

**ANSWER: Denied as untrue.**

93.    Because Ypsilanti has violated the civil rights of Plaintiff landlords under 42 U.S.C. § 1983, they are entitled to attorney fees, costs, and disbursements.

**ANSWER: Denied as untrue.**

94.    This Court should declare Ypsilanti's City Code Sec. 58-123 unconstitutional.

**ANSWER: Denied as untrue.**

95.    This Court should declare Ypsilanti's City Code Sec. 58-123 facially unconstitutional or in the alternative declare Sec. 58-123 unconstitutional as applied.

**ANSWER: Denied as untrue.**

96.    Furthermore, Plaintiff landlords, request this Court to issue declaratory and permanent injunctive relief directing the City of Ypsilanti to cease and prevent any further City conduct under Chapter 58, Art. IV Section 58-123 of the City Code, and all other relief this Court may deem just under the circumstances.

**ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

### JURY TRIAL DEMANDED

97.    Plaintiffs demand a jury trial regarding the allegations asserted in the instant Complaint.

**ANSWER: Defendant relies upon Plaintiffs' jury demand.**

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiffs request that this Court:

98.     Declare City of Ypsilanti Code of Ordinances, Ch. 58, Art. IV Sec. 58-123 facially unconstitutional or in the alternative unconstitutional as applied;

> **ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

99.     Declare that the City of Ypsilanti Code of Ordinances, Ch. 58, Art. IV Sec. 58-123, violated the Plaintiff landlords protected right of free speech under the First Amendment;

> **ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

100.    Declare that that the City of Ypsilanti, by City of Ypsilanti Code of Ordinances, Ch. 58, Art. IV Sec. 58-123, violated the Plaintiffs' civil rights under 42 U.S.C. § 1983;

> **ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

101.    Grant permanent injunctive relief against the implementation or enforcement of City of Ypsilanti Code of Ordinances, Ch. 58, Art. IV Sec. 58-123;

> **ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

102.    Award nominal damages against the City of Ypsilanti, if necessary;

**ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

103.   Award any compensatory damages or punitive damages against the City of Ypsilanti, if warranted;

**ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

104.   Award Plaintiff his reasonable attorney fees, litigation expenses, and costs as allowed under 42 U.S.C. § 1988, and all other applicable laws, and grant such other relief as this Court deems just to the Plaintiff and his attorneys; and

**ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

105.   Any and all other relief, monetary or otherwise, this Court deems just or reasonable under the circumstances alleged in this Complaint.

**ANSWER: Defendant denies, as untrue, that Plaintiffs are entitled to the relief requested.**

WHEREFORE, Defendant respectfully requests that this honorable court dismiss Plaintiffs' cause of action with prejudice and award costs and attorney fees wrongfully incurred in having to defend against it.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**


By:  */s/Lauri B. Stewart*
 Lauri B. Stewart (P55014)
Attorney for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3427
(313) 961-0200; FAX (313) 961-0388
lstewart@kerr-russell.com

Dated: June 5, 2023

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IAN GREENLEE, STEWART BEAL,
KAREN MAURER, C. HEDGER BREED,
and ROBERT BARNES

      Plaintiffs,

v.

THE CITY OF YPSILANTI, a
Michigan municipality

      Defendant.

Case No. 5:23-cv-11116-JEL-DRG
District Judge Judith E. Levy
Magistrate Judge David R. Grand

Brennan Tyler Brooks (P82567)
THOMAS MORE SOCIETY
Attorney for Plaintiff
309 W. Washington Street, Suite 1250
Chicago, IL 60606
(336) 707-8855; FAX: (336) 900-6535
btb@btylerbrookslawyer.com

Erick G. Kaardal, (MN Atty No. 229647)
MOHRMAN, KAARDAL &
ERICKSON, P.A.
Attorney for Plaintiff
Special Counsel for Thomas More
Society
150 South Fifth Street, Suite 3100
Minneapolis, MN 55402
(612) 341-1074
kaardal@mklaw.com

Lauri B. Stewart (P55014)
KERR RUSSELL AND WEBER, PLC
Attorney for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3427
(313) 961-0200; FAX (313) 961-0388
lstewart@kerr-russell.com

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to allege facts sufficient to constitute a claim upon which relief may be granted.

2.    The Court lacks jurisdiction to consider Plaintiffs' claims or grant the relief sought because the Complaint fails to allege facts sufficient to show standing.

3.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

4.    Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

5.    The Complaint fails to demonstrate that Plaintiffs have suffered any harm and injunctive relief is inappropriate.

6.    Plaintiffs' claims against Defendant must be dismissed, in whole or in part, because Plaintiffs' claims are moot or not ripe for adjudication.

7.    Plaintiffs' claims against Defendant are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact or other compensable damage.

8.    The purported speech which is the cornerstone of Plaintiffs' claims is not entitled to First Amendment protection.

9.    The challenged ordinance is valid and constitutional on its face and as applied.

10.    The challenged ordinance regulates only conduct, not speech and, therefore, does not implicate the First Amendment.

11.    The challenged law does nothing to restrict or burden speech or expressive conduct and, therefore, does not implicate the First Amendment.

12.    To the extent that the ordinance at issue is subject to First Amendment challenge, it survives strict scrutiny review, thus requiring dismissal of Plaintiffs' Complaint.

13.    To the extent that the challenged ordinance is subject to First Amendment challenge, it survives rational basis review, thus requiring dismissal of Plaintiffs Complaint.

14.    The challenged ordinance is content neutral and concerns information that is purely factual and uncontroversial which is fatal to Plaintiffs' First Amendment challenge.

15.    Plaintiffs' claims against Defendant are barred, in whole or in part, by qualified immunity.

16.    The City of Ypsilanti reserves the right to supplement their affirmative defenses to the extent that they become known throughout the course of this litigation.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**


By:  */s/Lauri B. Stewart*
 Lauri B. Stewart (P55014)
Attorney for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3427
(313) 961-0200; FAX (313) 961-0388
Dated: June 5, 2023                             lstewart@kerr-russell.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IAN GREENLEE, STEWART BEAL,
KAREN MAURER, C. HEDGER BREED,
and ROBERT BARNES

          Plaintiffs,

v.

THE CITY OF YPSILANTI, a
Michigan municipality

          Defendant.

Case No. 5:23-cv-11116-JEL-DRG
District Judge Judith E. Levy
Magistrate Judge David R. Grand

---

Brennan Tyler Brooks (P82567)
THOMAS MORE SOCIETY
Attorney for Plaintiff
309 W. Washington Street, Suite 1250
Chicago, IL 60606
(336) 707-8855; FAX: (336) 900-6535
btb@btylerbrookslawyer.com

Lauri B. Stewart (P55014)
KERR RUSSELL AND WEBER, PLC
Attorney for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3427
(313) 961-0200; FAX (313) 961-0388
lstewart@kerr-russell.com

Erick G. Kaardal, (MN Atty No. 229647)
MOHRMAN, KAARDAL &
ERICKSON, P.A.
Attorney for Plaintiff
Special Counsel for Thomas More
Society
150 South Fifth Street, Suite 3100
Minneapolis, MN 55402
(612) 341-1074
kaardal@mklaw.com

---

## DEFENDANT'S RELIANCE ON JURY DEMAND

Defendant CITY OF YPSILANTI, by and through its attorneys, Kerr, Russell and Weber, PLC,, relies on Plaintiffs' Jury Demand.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By: */s/Lauri B. Stewart*

Lauri B. Stewart (P55014)
Attorney for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3427
(313) 961-0200; FAX (313) 961-0388
Dated: June 5, 2023                  lstewart@kerr-russell.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ***Brennan Tyler Brooks*** and ***Erick G. Kaardal*** and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants: None.

/S/ Jill Clinard (jclinard@kerr-russell.com
Legal Assistant

{39016/68/D1828452.DOCX;1}